## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CANDY KING**                                                             **PLAINTIFF**
**ADC #756324**

**v.**                          **No: 3:24-cv-00133-BSM-PSH**


**P. MALOTT,** *et al.*[1]                                        **DEFENDANTS**


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Candy King filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 29, 2024, while incarcerated at the Arkansas Division of Correction's

---

[1] King does not list Patricia Secord or William Straughn as defendants in her second amended complaint (Doc. No. 10).  The Clerk of Court is therefore directed to terminate these defendants on the docket sheet for this case.

McPherson Unit (Doc. No. 1).  She subsequently filed a motion to proceed *in forma pauperis* and an amended complaint (Doc. Nos. 2-3).  The Court granted King *in forma pauperis* status and directed her to file a second amended complaint that described how ***her*** constitutional rights were violated, how the named defendants were personally involved in any alleged violations of her rights, and how she was injured as a result of the alleged constitutional violations (Doc. No. 8).  King was informed that only claims properly set out in her second amended complaint would be allowed to proceed.  *Id.*  King subsequently filed a second amended complaint (Doc. No. 10).  For the reasons stated herein, King's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").  While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  In her second amended complaint, King alleges that defendant Sergeant P. Malott threatened to kick her during a strip search and made disparaging remarks to her about her odor.  Doc. No. 10 at 4-5.  King's claims should be dismissed, as explained below.

**Claims on Behalf of Other Inmates.**  King originally sued on behalf of several other inmates whom she claims were also verbally harassed by Malott.[2]  *See* Doc. Nos. 1, 3.  She lists one other plaintiff, Kristi Richter, as a plaintiff in this case.  Doc. No. 10 at 1.  To the extent King sues on behalf of another inmate, her claims are

---

[2] Separate lawsuits were opened on behalf of each inmate that signed King's original complaint.  *See Cristobal v. Malott, et al.,* Case No. 3:24-cv-131, and *Richter v. Malott, et al.,* Case No. 3:24-cv-132.  Those cases have since been dismissed based on the plaintiffs' failure to pay the full filing fees or file complete applications to proceed *in forma pauperis*.

subject to dismissal. *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

*Verbal Threats.* King's claims against Malott are subject to dismissal because they are solely based on verbal threats and insults, which generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[3] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986).[4] Because King's allegations of verbal abuse do not approach this threshold, she does not state an actionable 1983 claim based on Malott's verbal remarks.

---

[3] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation).

[4] In *Burton*, the plaintiff alleged that defendant pointed a revolver at plaintiff, cocked it, and threatened to shoot him while using racial epithets just after the plaintiff had testified about another guard's actions in a hearing on his § 1983 suit. 791 F.2d at 100.

## III.  Conclusion

For the reasons stated herein, it is recommended that:

1.     King's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 25th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE